The STATE INSURANCE FUND, Plaintiff,

v.

E–Z WAY CONSTRUCTION, INC., Chris L. Anderson and The Industrial Commission of Utah, Defendants.

No. 16878.

Supreme Court of Utah.

Oct. 31, 1980.

M. David Eckersley of Black & Moore, Salt Lake City, for plaintiff.

Andrew R. Hurley, Mikel M. Boley, Robert B. Hansen, Atty. Gen., Frank V. Nelson, Asst. Atty. Gen., Salt Lake City, for defendants.

WILKINS, Justice:

The State Insurance Fund (hereafter "Fund") seeks review of an order of the

3. *Stubbs v. Hemmert*, Utah, 567 P.2d 168 (1977); *Terry's Sales, Inc., et al. v. Vander Veur*, Utah, 618 P.2d 29 (1980).

Industrial Commission imposing liability on the Fund for payment of workers' compensation benefits to Defendant Chris L. Anderson (hereafter "Anderson").

On August 16, 1977, E–Z Way Construction, Inc., (hereafter "E–Z Way") obtained a policy of workers' compensation insurance from the Fund. On October 1, 1977, a quarterly payroll report form was mailed to E–Z Way by the Fund. Such a form is to be filled out by the insured company; the total wages paid by the company determines the premium due. The form and due premium had not been returned as of November 30, 1977, and so a notice was sent to E–Z Way by the Fund indicating that the policy would be cancelled in 30 days unless the required premium was remitted. E–Z Way failed to respond to the notice in any way prior to December 31, 1977, and consequently the policy was cancelled as of January 1, 1978. Notice of cancellation was mailed by the Fund to E–Z Way on January 4, 1978.

At 8:30 a. m. on January 6, 1978, Anderson fell from some scaffolding while working on a job for E–Z Way and was injured. At 3:58 p. m. on the same date, an officer of E–Z Way appeared at the offices of the Fund and paid all past due premiums.

A claim was subsequently filed by Anderson. The Fund was named a party defendant but denied liability on the basis that at the time of the accident there was no insurance in force, the policy having lapsed on January 1, 1978. In Preliminary Findings of Fact, Conclusion of Law, and Order, the administrative law judge for the Commission determined that the policy written by the Fund had been properly cancelled for nonpayment of premium and hence no coverage was afforded by that policy at the time the accident occurred. Consequently, the Fund was dismissed as a defendant.[1] On motion for review the entire Commission upheld the administrative law judge's dismissal of the Fund by order dated December 4, 1978.

Anderson continued to press his application for benefits, and by order dated July 12, 1979, was awarded benefits against E–Z Way by the administrative law judge. He then filed a second motion for review with the entire Commission and renewed his contention raised in his first motion that the Fund should be held liable for payment of the benefits awarded. On December 28, 1979, the Commission issued its order in which it reversed its previous determination and held that the Fund was liable for payment of the benefits awarded. One Commissioner dissented.

On appeal, the Fund maintains that Section 31–19–14[2] authorizes cancellation by the Fund of workers' compensation policies for nonpayment of premiums. That Section provides:

Every insurance company, *including the state insurance fund*, authorized to transact the business of workmen's compensation insurance and occupational disease insurance must write and carry all risks or insurance for which application is made to it, and any such insurance company, *including the state insurance fund*, assuming such a risk shall carry it to the conclusion of the policy period *unless cancelled*, either by agreement between the industrial commission and the employer or *in case of nonpayment of premium by thirty days' notice by such insurance company, including the state insurance fund*, to the industrial commission and the employer (emphasis added).

This authorization applies, says the Fund, even in the face of Section 35–3–17, which provides:

If any employer shall default in any payment required to be made by him to the state insurance fund, the amounts due from him with interest thereon at the rate of twelve percent per annum, shall be collected by civil action against him in the name of the commission of finance . . .

---

1. The preliminary order also dealt with the issue of whether Anderson was an employee of E–Z Way or an independent contractor.

2. All references are to Utah Code Ann., 1953, as amended.

The Fund reasons that Section 35–3–17 must be construed to simply authorize it, through the Commission of Finance, to institute civil proceedings for the collection of premiums due. We agree. That authorization can in no way overcome the explicit language of Section 31–19–14 which authorizes the Fund to cancel policies for the nonpayment of premiums. This very view was adopted by the Commission in its original decision of December 4, 1978.

The other claimed error by the Fund relating to the finality of the Commission's first order is not addressed here as the matter discussed *ante* is dispositive.

The order of the Industrial Commission is reversed and vacated.

CROCKETT, C. J., HALL and STEWART, JJ., and H. MAURICE HARDING, Retired District Judge, concur.

MAUGHAN, J., does not participate herein.